United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-20311
Summary Calendar

BHIM RAMROOP

Plaintiff - Appellant

VERSUS

COOPER CAMERON CORP.; FRED HOLLAND

Defendants - Appellees

Appeal from the United States District Court
For the Southern District of Texas, Houston
4:05-CV-1681

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant, Bhim Ramroop (Ramroop) challenges the district court's dismissal on summary judgment of his employment discrimination and retaliation claims against his employer, Cooper Cameron, following his termination from employment with that company. Essentially for the reasons stated by the district court

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in its memorandum and order of March 20, 2006, we modify the court's judgment in one respect and as modified affirm the judgment.

In summary, the record fully supports the district court's determinations that:

1. Ramroop was terminated for legitimate, non-discriminatory reasons - his aggressive and disruptive behavior over a period of several months - for which he was warned both verbally and in writing.

2. Ramroop failed to produce summary judgment evidence that Cooper Cameron's stated reasons for termination were pretextual or that Ramroop's FMLA leave was a motivating factor in his termination.

3. Similarly, the record demonstrates that Ramroop's termination had nothing to do with his EEOC charge of discrimination filed several months before his termination.

4. The district court declined to exercise supplemental jurisdiction over appellant's state law assault claim asserted against one of his superiors, Fred Holland. The district court inadvertently overlooked expressly dealing with the related state law assault claim appellant asserted against Cooper Cameron. We are satisfied that this was an oversight and that the district court intended to decline jurisdiction over this claim also. This was well within the discretion of the district court.

Accordingly, the judgment of the district court dismissing petitioner's federal claims against Cooper Cameron is AFFIRMED. We modify the judgment to reflect a dismissal without prejudice of the plaintiff's state law assault claims against Cooper Cameron and Holland and as modified we also affirm that judgment.

AFFIRMED AS MODIFIED.